```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

MIGDALIA CRUZ,                       :
                                     :
    plaintiff,                       :
                                     :
v.                                   :   CASE NO. 3:21-cv-592(RAR)
                                     :
COMMISSIONER OF                      :
SOCIAL SECURITY,                     :
                                     :
    defendant.                       :
```

### RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Migdalia C. ("plaintiff") has moved for an award of attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel is seeking $13,284.00, which is twenty-five percent of the past due Social Security benefits paid to plaintiff. (Dkt. #36-1 at 2.) The Commissioner, in his limited role in this type of proceeding, does not support or object to the motion. (Dkt. #38 at 1.)

As background, plaintiff's counsel filed the instant action seeking judicial review of an adverse decision by an Administrative Law Judge("ALJ") after a denial of benefits. (Dkt. #1.)  The Court granted plaintiff's motion to reverse and remand the decision to the Social Security Administration ("SSA") for further proceedings. (Dkt. #29.)  Following remand and an additional hearing before an ALJ, plaintiff apparently

received benefits but not a Notice of Award from the Social Security Administration.  (Dkt. #40 at 1.)  Rather, plaintiff's counsel was provided an "Important Information Letter." (Dkt. #36-3.)  The important information letter indicated that $13,284.00, which represented 25% of the past due benefit awarded to plaintiff, was mistakenly released to plaintiff and not withheld for the payment of any fees under 406(b).  (Dkt. #36-3 and #40 at 1.)

Thereafter, plaintiff's counsel filed a motion for attorney fees, indicating the SSA's error and outlining the amount of work performed on the file and the prior award of EAJA fees. (Dkt. #36-1 at 1-3 and attached exhibits.)

In evaluating a motion for attorney fees in the Social Security context, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022) (citing 42 U.S.C. § 406(b)(1)(A)).  In Fields, the Second Circuit articulated the now well-established "guidelines for courts conducting this reasonableness analysis, instructing [courts] to consider: a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or

overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted).

Additionally, "as a part of the reasonableness determination, a district court must also consider whether a requested fee would result in a 'windfall' to counsel." Id. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Id. at 854. Rather, the court should consider the "ability and expertise of the lawyer" involved, the "nature and length of the professional relationship with claimant," the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits. Id. at 854-55. As the Second Circuit noted, "even a high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case" Id. at 854.

In the instant case, the motion for attorney fees was filed after more than a year of pursuing the Notice of Award and timely following the receipt of the Important Information Letter. Plaintiff's counsel clearly achieved a positive result for the claimant and there is no evidence of any undue delay or fraud on the part of plaintiff's counsel. Additionally, the requested amount is, as indicated in the letter, 25% of the award of benefits. In evaluating the relevant factors regarding the reasonableness of the award, the Court finds that the

3

requested fee would not constitute a windfall. Plaintiff's counsel is experienced and skilled in the area of Social Security disability appeals, having regularly represented claimants before this Court. Plaintiff's counsel has expended 22.7 hours of attorney time and 5.9 hours of paralegal time in representing the plaintiff in federal court in this matter. (Dkt. #36-1 at 2.) Presumably, the plaintiff, who has now been awarded benefits, was satisfied with counsel's performance in this case. Finally, plaintiff's counsel was required to seek remand through the federal court in order to achieve this result, which demonstrates that it was uncertain that the case could result in an award of benefits. For these reasons the Court finds that the requested award of $13,284.00, which amounts to an hourly rate of $559.21 after deducting paralegal time at $100.00 per hour, is reasonable.

## CONCLUSION

Based on the foregoing, plaintiff's motion for an award of attorney's fees in the amount of $13,284.00 is GRANTED and to be paid out of the plaintiff's past-due benefit in accordance with agency policy.[1]  Upon receipt of the fees awarded herein,

---

[1] While the Court has not had the chance to address this issue in the past, the SSA has a policy in place for situations wherein the fee to be withheld for counsel has been mistakenly provided to the claimant.
> Where the SSA has released to a claimant all or part of the 25% that should have been withheld for payment of legal fees, upon approval of the fees pursuant to § 406(b), counsel for plaintiff will attempt to obtain these fees from the claimant. If the claimant fails to remit payment to counsel, the SSA will then pay counsel

plaintiff's counsel has indicated that he will refund to plaintiff the smaller of that fee, or the previously awarded fees under the Equal Access to Justice Act.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 5th day of March, 2025, at Hartford, Connecticut.

/s/
Robert A. Richardson
United States Magistrate Judge

---

the amount it failed to withhold by creating an overpayment to the claimant's disability account. Thereafter, the SSA will recoup the amount of money it failed to withhold from the claimant's monthly disability benefits in small increments subject to the claimant's financial ability to repay the overpaid amount. The claimant is permitted to file a waiver of the overpayment if he or she is unable to afford even the small reduction in his or her monthly disability benefits. As a result, the claimant is not harmed by the SSA's mistake.

Henderson v. Saul, No. 16-CV-6744 (NG), 2019 WL 3428506, at *2 n.2. (E.D.N.Y. July 30, 2019)(citing SSA Program Operations Manual System GN 03920.055).